# EXHIBIT 1

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

CASE NO.:  21-10480


JEROME CORSI,

     Appellant,

v.

NEWSMAX MEDIA, INC., et al.,

     Appellees.

_____/



TRANSCRIPTION OF AUDIO RECORDING

OF ORAL ARGUMENT



(Pages 1 to 41)


    DATE:       Thursday, May 19, 2022

    LOCATION:  12th Floor Courtroom
           James Lawrence King Federal Justice
           99 Northeast Fourth Street
           Miami, Florida  33132




Reported By:  Gail Hmielewski
             Court Stenographer

Daughters Reporting, Inc.
Fort Lauderdale, Florida 954-755-6401

Case 2:22-cv-14102-DMM-PDB   Document 198 entered on FLSD docket 12/30/2026   Page 249 of 112

```
 1    APPEARANCES:

 2

 3    Appeared for the Appellant:

 4    MELISSA L. ISAAK, ESQUIRE
      ISAAK LAW FIRM
 5    P.O. Box 4894
      Montgomery, Alabama  36103
 6    334-262-8200  Phone
      334-819-4072  Fax
 7    isaaklaw@gmail.com

 8

 9    Appeared for Appellees:

10    MARK A. LERNER, ESQUIRE
      DUANE MORRIS, LLP
11    230 Park Avenue, Suite 1130
      New York, New York  10169
12    212-404-8714  Phone
      212-818-9606  Fax
13    malerner@duanemorris.com

14         - and -

15    JULIAN ANTONY JACKSON-FANNIN, ESQUIRE
      DUANE MORRIS, LLP
16    201 South Biscayne Boulevard, Suite 3400
      Miami, Florida  33131
17    305-960-2253  Phone
      305-402-0544  Fax
18    jjfannin@duanemorris.com

19

20

21

22

23

24

25
```

Case 9:25-cv-81345-NMC-DOB Document 7-1 Entered Filed 11/29/23 on Page 12/00/2026 Page 249212

3

```
  1                    INDEX OF PROCEEDINGS

  2

  3                                                    PAGE

  4
      PROCEEDINGS                                        4
  5
      CERTIFICATE OF REPORTER                           41
  6

  7

  8

  9

 10

 11

 12

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24

 25
```

Case 2:22-cv-14383-DMM-PDB Document 98 Entered on FLSD Docket 11/30/2023 Page 250 of 212

```
 1              MS. ISAAK:  Okay.

 2              THE COURT:  -- on Judge Pryor's question.  So

 3         he said, you know, isn't - doesn't this statute

 4         impose a pleading standard, and he's talking about

 5         the part of the statute that says, you know,

 6         merits, right?

 7              The question is, does that part of the statute

 8         impose a pleading standard or is it just if you

 9         lose, then you pay the fees?  Is there a pleading

10         standard associated with that phrase?

11              MS. ISAAK:  The heightened standard I think

12         that's imposed in the Florida Statute goes along

13         with the --  There's an evidentiary burden that has

14         to be set.

15              THE COURT:  Okay.  When you say the heightened

16         standard, where are you getting the idea that the

17         Florida Anti-SLAPP Statute imposes a heightened

18         standard?

19              MS. ISAAK:  Because the Florida Anti-SLAPP

20         Statute says that, prior to any fees being

21         assessed, or prior to a case being dismissed under

22         the Florida Anti-SLAPP Statute, that it must be set

23         for a hearing.  If it has to be set for a hearing,

24         the parties are required to produce - to submit

25         evidence on their respective positions.  Now --
```

Case 9:25-cv-81345-DMM-DOB Document 1-99 Entered on FLSD Docket 11/29/2023 Page 250 of 312

```
 1            THE COURT:  There's a conflict in what the -

 2       the Florida courts even say this - in how the

 3       statute works, right?

 4            MS. ISAAK:  Yes.

 5            THE COURT:  On the one hand, at least one DCA

 6       has said it does create a heightened pleading

 7       standard, right?

 8            MS. ISAAK:  Correct.

 9            THE COURT:  The other says it doesn't.

10            MS. ISAAK:  That's correct.

11            THE COURT:  If it does, it seems to me, then

12       it conflicts with the federal rules and it doesn't

13       apply.

14            MS. ISAAK:  Yes, sir.

15            THE COURT:  And if it doesn't create a

16       heightened pleading standard, then it seems to me

17       it's procedural and it also doesn't apply.

18            MS. ISAAK:  Well, yes, sir --

19            THE COURT:  But either way, it seems to me the

20       statute just doesn't apply in federal court.

21            MS. ISAAK:  Yes, sir, that's what we

22       submitted, it does not apply.  Between, we have

23       Rule 8 --

24            THE COURT:  May I ask a follow-up question on

25       that?  I'm not sure I understand that.  So if it
```

Case 2:22-cv-14102-DMM Document 198 Entered on FLSD Docket 11/30/2023 Page 7 of 12

15

```
1        is - if it doesn't impose a heightened pleading

2        standard, why isn't it just a fee-shifting statute?

3              MS. ISAAK:  Well, there is case law that says

4        it's just a fee-shifting standard.  It says that.

5              THE COURT:  Okay.  Well, if it's just a

6        fee-shifting statute as part of the tort of

7        defamation in Florida law, why isn't that something

8        that applies in federal court?

9              MS. ISAAK:  Because we're dealing I think

10       specifically with anti-SLAPP as it pertains to this

11       issue, so I --

12             THE COURT:  Okay.

13             THE COURT:  Well, I mean, here's the thing.

14       This is the text of the statute - the court shall

15       award the prevailing party reasonable attorney's

16       fees and costs incurred in connection with a claim

17       that an action was filed in violation of this

18       section --

19             MS. ISAAK:  Yes, sir.

20             THE COURT:  -- right?

21             MS. ISAAK:  Yes, sir.

22             THE COURT:  And the section says - sets out,

23       basically, a procedural requirement, right --

24             MS. ISAAK:  Yes, sir.

25             THE COURT:  -- and says you can't file it if
```

Daughters Reporting, Inc.
Fort Lauderdale, Florida 954-755-6401

Case 2:22-cv-14102-DMM Document 198 Entered on FLSD Docket 11/29/2023 Page 250 of 512

```
 1        the suit's without merit and if it was filed

 2        because someone exercised their free speech rights.

 3             MS. ISAAK:  That's correct, so the court would

 4        have to make a finding that that's specifically why

 5        that was --

 6             THE COURT:  Filed.

 7             MS. ISAAK:  -- filed, right, which conflicts

 8        with Rule 8.  The Rule 8 pleading requirements

 9        don't have that level of a standard.  And also, for

10        the Rule 11, Rule 11 covers all of these things

11        already.

12             THE COURT:  Okay, I think we understand your

13        argument.

14             THE COURT:  Can you just address the issue of

15        certification?  I know we sent you some questions

16        to address, one is whether we should certify this

17        question to the Florida Supreme Court.  We've

18        already talked about the split in the intermediate

19        appellate courts.  I just want to get your position

20        on that.

21             MS. ISAAK:  It's a quick no.  I don't think

22        that it needs to be certified to the Florida

23        Supreme Court, because the federal rules are clear

24        that there are other avenues for recovery and there

25        are other avenues for dismissal of cases.
```

17

```
 1           So I think, based upon the federal case law,

 2      and based upon the procedure that's in place for

 3      the federal court, I don't think this is

 4      necessarily an issue for the state court to decide.

 5      This --  Go ahead.

 6           THE COURT:  Okay.  Mr. Lerner.

 7           MR. LERNER:  Thank you, Your Honors.  May it

 8      please the Court, my name is Mark Lerner and I'm

 9      here with my colleague, Julian Jackson-Fannin, and

10      we represent the appellees, Newsmax Media, Inc.,

11      Christopher Ruddy, John Bachman, and John Cardillo.

12           This case is a public figure's groundless

13      attempt to punish a media outlet for engaging in

14      classic First Amendment protected activity because

15      he didn't like what a guest, and only the guest,

16      said about him on a live television broadcast.

17           As it did in Michel v. NYP Holdings, and

18      numerous other cases, this Court should recognize

19      the powerful interest in ensuring that speech is

20      not burdened by the defense of groundless

21      litigation and affirm the decision of the District

22      Court in its entirety.

23           The facts here, which I think you're familiar

24      and discussed a little bit before --

25           THE COURT:  We know the facts --
```

Case 25-22-81-314-59 MMC-DDB Document 11 Entered Filed 11/29/23 Docket 01/20/01/2026 Page 250 7 12

```
 1              MR. LERNER:  Okay.

 2              THE COURT:  -- and if you want to address

 3      whether the complaint plausibly alleges actual

 4      malice, you certainly can.  I don't think it does.

 5              The thing I'm most interested, at least - I

 6      can only speak for myself - is the attorney's fees

 7      issue, and I have serious doubts about whether the

 8      anti-SLAPP statute applies in federal court.  And

 9      it seems to me that if it doesn't, then a suit

10      filed in violation of it can't give rise to an

11      attorney's fee award.

12              MR. LERNER:  I'm certainly happy to address

13      the actual malice issue, although we agree,

14      obviously, with Your Honor and with some of the

15      skepticism addressed by the panel.  So if there

16      aren't questions on the actual malice, I am happy

17      to move on to the questions that seem to be of more

18      interest in terms of the application of anti-SLAPP

19      in this case.

20              THE COURT:  Let me ask you, before you get

21      into the legal merits of the anti-SLAPP, do you

22      really want attorney's fees in this case?  Do you

23      want this case to continue with additional

24      litigation?  I mean, is that, I mean --

25              MR. LERNER:  Well, certainly, as I said
```

Case 25-22-81-8145
9VMC-DOB
Document
7
entered
11/29/23
Docket
01/20/2026
Page
25
of
12

19

```
 1        before, Newsmax is hoping and the individual

 2        defendants who didn't utter any of the allegedly

 3        defamatory statements don't want to be burdened by

 4        ongoing litigation.  On the other hand, they do

 5        believe it makes sense to take advantage and send

 6        the message that this kind of lawsuit chills the

 7        speech that they should be protected from.

 8             THE COURT:  Okay.

 9             MR. LERNER:  So, yeah, I mean, it makes sense

10        here that there is this fee-shifting that the

11        Florida legislature has determined is important in

12        this kind of case and that they --

13             THE COURT:  So the question, I guess --  The

14        reason I ask that sort of practical question is

15        that one of our options here would be to certify

16        this question to the Florida Supreme Court, which

17        would, if we were to do that, would continue the

18        litigation, right?  I mean, you would just - it

19        would just be another court, come back to us, we'd

20        rule again, go back to the District Court, all to

21        collect some kind of attorney's fees ward against

22        Mr. Corsi.  Do you want to do that?

23             MR. LERNER:  Well, there is a principal at

24        stake here and we agree, frankly, what little we do

25        agree with with Ms. Isaak in terms of her position
```

Daughters Reporting, Inc.
Fort Lauderdale, Florida 954-755-6401

20

```
 1      that this doesn't need to be --

 2          THE COURT:  That it doesn't need to be

 3      certified.

 4          MR. LERNER:  Right, it doesn't need to be

 5      certified, exactly.  So there should be no

 6      continuation of litigation on that front, because

 7      all that was applied here, frankly, was

 8      Rule 12(b)(6).

 9          THE COURT:  We appreciate your confidence in

10      the 11th Circuit.  Thank you.

11          MR. LERNER:  Well, whether it's my confidence

12      in the 11th Circuit or a query as to whether or not

13      there really is a material issue of law that needs

14      to be addressed in order for the 11th Circuit to

15      rule on this issue, in this particular

16      circumstance, the case doesn't turn on the answer

17      to a material state law question because Florida

18      law doesn't directly impose, nor did the defendants

19      seek, a higher pleading standard here.

20          The court only ever cited application of

21      Rule 12(b)(6) and the federal pleading standards

22      under Iqbal and Twombly.  There was no burden

23      shifting undertaken, there was no heightened

24      standard applied, nor is, actually, one called for

25      in the language of the statute.
```