UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-81334-MIDDLEBROOKS

ALEXIS WILKINS,

    Plaintiff,

v.

ELIJAH D. SCHAFFER,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants' Motion to Dismiss, filed on January 5, 2026. (DE 5). Plaintiff filed her Response on January 20, 2026. (DE 7). Defendant filed a Reply on January 27, 2026. (DE 9). For the reasons stated, the Motion is denied.

## BACKGROUND

Plaintiff Alexis Wilkins has lodged a single defamation by implication claim against Defendant Elijah Schaffer, political commentator, comedian, and podcast host whose shows mix politics and current events, with a comedic, satirical style. (DE 1 at ¶ 7). Plaintiff's claim is centered on an X-post drafted by the Defendant. The post at issue is caption-less but contains a photograph of Plaintiff alongside her significant other, Federal Bureau of Investigations (FBI) Director Kashyap "Kash" Patel. (*Id.* at 4). The post also "quotes" a distinct post, which in pertinent part, states that "Mossad sent female operatives deep into Iran—seducing top officials, infiltrating government surveillance networks, and carrying out sabotage missions." (*Id.* at 3). In essence, Plaintiff argues that this post insinuates and spreads the false narrative that Ms. Wilkins is "an Israeli Mossad agent, spy, or 'honeypot,' who is only in a relationship with Kash Patel to spy on

1

and manipulate the United States government." (*Id.* at ¶ 14). This insinuation is the core of Plaintiff's claim for defamation by implication.

Plaintiff's one count complaint ultimately asserts that "Defendant knowingly, or with reckless disregard for the truth, fabricated this accusation at the expense of Ms. Wilkins" and the accusation "is so obviously damaging to her reputation that damages are presumed" because the "implication imputes the commission of various crimes, including espionage and treason." (*Id.* at ¶ 19, 24).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. V. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## DISCUSSION

In analyzing defamation claims, we apply Florida's substantive law. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011). Where the highest court—in this case, the Florida Supreme Court—has spoken on the topic, we follow its rule. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011). Defamation by implication arises, "not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts, [such that] he may be held responsible for the defamatory implication." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

As a preliminary matter, I note that Defendant has attached several exhibits to his Motion to Dismiss, all pointing towards external statements concerning similar subject matter. Defendant has requested that I incorporate by reference, or in the alternative, take judicial notice, of the several exhibits. (DE 5 at 2). My review is limited to the four corners of the complaint unless the extrinsic documents are subject to the incorporation by reference doctrine. Invoking that doctrine requires that the extrinsic documents are "central to the plaintiff's claim" and that the authenticity of the documents is not disputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Importantly, if the extrinsic evidence is central to a *defense,* but not to Plaintiff's claim, it does not fall within the doctrine. The existence of similar third-party statements against the Plaintiff does

3

not bear on the defamatory nature of the specific defamatory statement regarding the Plaintiff that Defendant is alleged to have made here. The documents at issue appear to be responsive to certain allegations made within the Complaint, but not central to Plaintiff's claims. An additional exception to the rule limiting district court's considerations on a motion to dismiss is judicial notice. *See Baker v. City of Madison, Alabama*, 67 F.4th 1268, 1276 (11th Cir. 2023). "Under Rule 201 of the Federal Rules of Evidence, a court '*may* take judicial notice on its own' or '*must* take judicial notice if a party requests it and the court is supplied with the necessary information.' " *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (citation omitted; emphasis in original). But judicial notice is improper here. Commentary to Rule 201 defines "adjudicative facts" as "simply the facts of the particular case." Fed. R. Evid. 201. Judicial notice would therefore be improper here. The exhibits are neither specifically relied upon in the Complaint, nor entirely relevant to the merits of this dispute. Consequently, I decline to consider Defendant's extrinsic documents in adjudicating the Motion to Dismiss.

Defendant suggests that "[b]ecause the expressed facts are literally true (Defendant reposted Plaintiff's authentic photograph in response to reporting about alleged Mossad agents), Plaintiff should make an especially rigorous showing that an ordinary viewer would understand the repost to affirmatively suggest Defendant intended or endorsed the alleged defamatory inference." (DE 5 at 8). This heightened standard is improper. Two literally true facts may nevertheless create a false interest. Defendant's characterization misunderstands applicable law. The Plaintiff need only allege facts that suggest "Defendant juxtaposed a series of true facts so as to create a defamatory implication. The inquiry turns on whether the 'gist' of the publication is false." *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018) (quoting *Jews For Jesus, Inc.*, 997

4

So.2d at 1107-08 (explaining that liability attaches to a defendant who has the details right but the "gist" wrong)).

"[E]ven if the statements are defamatory by implication, a defendant is still protected from suit if his statements quality as an opinion[.]" *Wells*, 879 F.3d at 1269. Defendant's caption-less post lies within the gray zone between opinion and innuendo of a fact. Defendant argues that a caption-less repost of a true photograph of Plaintiff and Director Patel, in response to an ongoing thread about foreign influence cannot reasonably be read as a literal assertion that Plaintiff is an active Mossad agent committing espionage and treason, particularly where Plaintiff herself describes that implication as "inherently ludicrous." (DE 9 at 2). However, context once again matters. Plaintiff alleges facts concerning Defendant's general postings about Israel's outsized influence over the United States. These allegations provide sufficient background to substantiate the innuendo allegedly asserted in the X-post—trending towards assertion of a fact rather than an opinion. For purposes of a Motion to Dismiss, this backdrop of Defendant's prior posts is informative of the affirmative suggestion or intent behind the alleged defamatory post. *See Jews For Jesus, Inc.*, 997 So. 2d at 1107 ("The [defamatory] language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference." (internal quotations and citations omitted)); ("[Y]ou should consider the context in which the statement is made"). Defendant's posts, considered holistically, support Plaintiff's allegation that a viewer of the alleged defamatory post could reasonably draw the inference that Defendant is labeling Ms. Wilkins a "honeypot" and accusing her of infiltrating the U.S. government.

Additionally, the pleading requirements for defamation by implication also depend on whether Plaintiff can be considered a public figure. "General public figures are individuals who,

5

by reason of fame or notoriety in a community, will in all cases be required to prove actual malice. Limited public figures, on the other hand, are individuals who have thrust themselves forward in a particular public controversy and are therefore required to prove actual malice only in regard to certain issues." *Wells*, 879 F.3d at 1272. If Plaintiff is a public figure, "the Twombly/Iqbal "plausibility pleading standard applies to the actual malice standard in defamation proceedings." *Id.* at 1273. "Thus, to plead actual malice, [Plaintiff] must allege facts sufficient to give rise to a reasonable inference that the false statement was made with knowledge that it was false or with reckless disregard of whether it was false or not. This is a subjective test, focusing on whether the defendant actually entertained serious doubts as to the veracity of the published account, or was highly aware that the account was probably false. *Id.* (internal citations and quotations omitted). Although I decline to definitively rule at this early stage whether Plaintiff can be adequately regarded as a general limited public figure, I find that even assuming Plaintiff is a general public figure, the facts alleged by Plaintiff meet the pleading requirement for actual malice. (DE 7 at 17). As a result, Defendant's "public figure" arguments fall flat at this stage in the litigation. (DE 5 at 10).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 7) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this the 3/ day of February, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.     Counsel of Record