UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:25-cv-81334-DMM
HON. DONALD M. MIDDLEBROOKS

ALEXIS WARNER,

       Plaintiff(s),

vs.

ELIJAH SCHAFFER,

       Defendant(s).

_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Elijah Schaffer ("Defendant" or "Mr. Schaffer"), by and through undersigned counsel, hereby submits his Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

## COMPLAINT

1.      Denied.

## PARTIES

2.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.      Admitted.

4.      Defendant admits that the Complaint purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332. To the extent Paragraph 4 calls for a legal conclusion, it is denied.

5.      Defendant admits that he is a Florida resident.

6.      Defendant admits that Defendant resides in this District and venue is proper as such.

## FACTUAL BACKGROUND

7.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

9.      Defendant admits that he is an internet commentator and maintains an X account. Defendant denies the remaining allegations, including any characterization of Defendant's motives or intent.

10.      Defendant lacks knowledge sufficient as X's monetization features. Defendant denies the remaining allegations, including any allegation that Defendant was motivated by, or published content for the purpose of, generating controversy.

11.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations regarding the content or intent of any third-party post, and therefore denies them.

12.      Defendant admits that he posted an authentic, unaltered photograph of Plaintiff and Director Patel on X, and that the photograph had previously been published by Plaintiff. Defendant denies any remaining allegations.

13.      Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations regarding view counts, likes, comments, reposts, or bookmarks, and therefore denies them.

14.      Denied.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.      Denied.

## CAUSE OF ACTION

## COUNT I

### Defamation

20.      Defendant admits that Paragraph 20 purports to incorporate prior allegations. Defendant denies any allegation incorporated to the extent not expressly admitted herein.

21.     Defendant admits that he posted a photograph on X on or about September 14–15, 2025. Defendant denies the remaining allegations.

22.     Defendant admits that he posted an authentic photograph. Defendant denies any remaining allegations.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant further responds to the Complaint by stating the following affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The statements, images, and content complained of were true or substantially true. The photograph at issue was an authentic, unaltered image that had been previously published by Plaintiff herself. Truth and substantial truth are absolute defenses to defamation.

### SECOND AFFIRMATIVE DEFENSE

Defendant did not publish any false statement of fact concerning Plaintiff. The challenged content contains no express factual assertion that Plaintiff engaged in any unlawful, immoral, or improper conduct. Defamation cannot lie absent a false statement of fact.

### THIRD AFFIRMATIVE DEFENSE

Any alleged meaning or inference drawn from Defendant's post constitutes protected opinion, rhetorical expression, or political commentary that is not objectively verifiable and therefore not actionable as defamation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not intend to convey, endorse, or adopt any defamatory inference. Any alleged implication arises solely from Plaintiff's or third parties' subjective interpretation, not from any statement made by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

When viewed in full context, including the surrounding political discourse and referenced news reporting, Defendant's post is reasonably capable of an innocent, non-defamatory interpretation. Where a publication is susceptible to an innocent construction, it is not actionable as defamation.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's post constitutes speech on matters of public concern involving government officials, intelligence agencies, and international affairs and is therefore fully protected by the First Amendment to the United States Constitution and corresponding state constitutional provisions.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's post constitutes fair comment and criticism on matters of public interest based on disclosed, non-false facts. Fair comment on matters of public concern is privileged and not actionable.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is deemed a public figure or limited-purpose public figure, Plaintiff cannot establish actual malice. Defendant did not publish the challenged content with knowledge of falsity or reckless disregard for the truth.

## NINTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was a public figure or limited-purpose public figure by virtue of her voluntary public association with a high-ranking government official and her own public dissemination of the image at issue, thereby subjecting her to the heightened actual malice standard.

## TENTH AFFIRMATIVE DEFENSE

A reasonable reader would not interpret Defendant's post as asserting a false statement of fact about Plaintiff. Liability cannot be imposed based on strained, speculative, or unreasonable interpretations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant had no legal duty to anticipate, prevent, or disclaim speculative inferences drawn by third parties from truthful content. Defamation law does not impose liability for failing to negate conjecture.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury to reputation caused by Defendant's conduct. Any alleged damages are speculative, self-inflicted, or the result of Plaintiff's own prior public disclosures or unrelated third-party commentary.

## THIRTEENTH AFFIRMATIVE DEFENSE

The challenged content is protected by constitutional, common-law, and qualified privileges applicable to fair reporting, commentary on public affairs, and political expression.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not allege a false statement of fact, actual malice, causation, or cognizable damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims arise from Defendant's exercise of constitutionally protected speech on matters of public concern and are barred, to the extent applicable, by anti-SLAPP principles designed to prevent the chilling of protected expression.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands Trial by Jury for all matters so triable as of right.

WHEREFORE, Defendant Elijah Schaffer respectfully requests that this Honorable Court deny the relief Plaintiff seeks in the Complaint and enter judgment in favor of Defendant, awarding Defendant costs and such other and further relief this Court deems just and proper.

Respectfully submitted,

**LLOPIZ WIZEL, LLP**
1451 W Cypress Creek Rd 300
Fort Lauderdale FL 33309
Telephone: (754) 312-7389

*/s/ Onier Llopiz*
Onier Llopiz
Florida Bar No. 579475
E-mail: ol@l-wfirm.com
E-mail: admin@l-wfirm.com

Joan Carlos Wizel
Florida Bar No. 37903
Email: jcw@l-wfirm.com
E-mail: cp@l-wfirm.com

Jaclyn M. Sanchez
Florida Bar No. 1049836
Email: jcw@l-wfirm.com
E-mail: cp@l-wfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF on this 19th day of February, 2026 to the following:

**<u>SERVICE LIST</u>**
Jason C. Greaves, Esq. (FBN 1059179)
Jared J. Roberts, Esq. (FBN 1036550)
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jared@binnall.com
Counsel for Plaintiff Alexis Wilkins

*/s/ Onier Llopiz*
Onier Llopiz