IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALEXIS WILKINS,

    *Plaintiff,*

v.

ELIJAH SCHAFFER,

    *Defendant.*

Case No. 9:25-cv-81334-DMM

## JOINT DISCOVERY PLAN

Pursuant to the Court's Pretrial Scheduling Order (Dkt. No. 12), Plaintiff, Alexis Wilkins, and Defendant, Elijah Schaffer, (collectively, the "Parties"), submit this Joint Discovery Plan in corresponding numbered paragraphs to Paragraph 2 of the Pretrial Scheduling Order:

(1) Plaintiff's estimated valuation of this case is $5 million based on compensatory damages for reputational harm (including lost business opportunities), emotional distress, and punitive damages due to evidence of actual malice or reckless disregard for the truth. This valuation accounts for the widespread dissemination of the defamatory statements via Defendant's social media. Defendant disputes Plaintiff's valuation and asserts there is no liability for the claim asserted, and therefore, a valuation of zero dollars.

(2) The Parties propose exchanging initial discovery pursuant to Rule 26(a)(1) on or before March 13, 2026.

(3) The Parties intend to conduct discovery as to: (a) the content, context, and dissemination of the alleged defamatory post, including the publication processes and who Defendant discussed the post with; (b) the truth, substantial truth, or falsity of the post; (c) actual malice or negligence, or lack thereof; (d) causation and damages; (e) any

1

of Defendant's affirmative defenses; (f) any republication efforts; and (g) any mitigation efforts by Plaintiff or Defendant; and (h) Plaintiff's status as a public figure, limited-purpose public figure, or private individual. In addition to the above, Defendant intends to conduct discovery as to: (a) Plaintiff's public presence, nature of her relationship with a public figure, any exposure to public attention, involvement in controversies or public debates related to the subject matter of the alleged defamatory post, efforts to shape or influence public perception, and the like; (b) context of the repost, including subject matter involved as public concern or newsworthy issue and media coverage by third parties; and (c) Plaintiff's intent to chill speech, including pattern of similar lawsuits.

(4) The Parties have not yet determined any stipulations at this time as to limiting discovery.

(5) Plaintiff seeks document discovery as to: (a) all communications related to the defamatory post and Alexis Wilkins; (b) analytics on reach and engagement; (c) Defendant's investigation or fact-checking documents; (d) financial records showing Defendant's ability to pay punitive damages; and (e) any insurance policies covering defamation claims. Defendant asserts document discovery is needed on each of the subjects described in paragraph 3 above.

(6) The Parties do not believe discovery needs to be conducted in phases.

(7) ESI is expected in this case.
   a. The main information and documents sought include emails, text messages, and social media data and analytics.
   b. The Parties will endeavor to keep ESI costs at a minimum.
   c. The Parties agree to use targeted searches.

(8) Plaintiff intends to depose: (a) Defendant; (b) persons with whom Defendant communicated about the defamatory post or Alexis Wilkins; (c) third-party witnesses to the post's impact; and (d) experts on damages. Defendant intends to depose (a) Plaintiff; (b) Kash Patel; (c) persons who have knowledge of the content and subject

of the alleged defamatory post; (d) persons with knowledge of Plaintiff's exposure to public attention or involvement in controversies or public debates related to the subject matter of the alleged defamatory post.

(9) The Parties are willing to agree to a claw-back provision for inadvertent productions of privileged or protected materials and will request the Court to enter an order enforcing that provision.

(10) The Parties do not propose any changes to the existing rules for discovery.

(11) The Parties believe that an early mediation or settlement conference with a Magistrate Judge prior to the close of discovery would be beneficial.

Dated: February 20, 2026                                                  Respectfully submitted,

*/s/ Jared J. Roberts*
Jason C. Greaves
(Fla. Bar No. 1059179)
Jared J. Roberts
(Fla. Bar No. 1036550)
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jared@binnall.com

*Counsel for Plaintiff Alexis Wilkins*

*/s/ Jaclyn M. Sanchez*
Onier Llopiz
(Fla. Bar No. 579475)
Joan Carlos Wizel
(Fla. Bar No. 37903)
Jaclyn M. Sanchez
(Fla. Bar No. 1049836)
LLOPIZ WIZEL, LLP
1451 W Cypress Creek Rd 300
Fort Lauderdale FL 33309
Phone: (754) 312-7389
ol@l-wfirm.com
jcw@l-wfirm.com
jsanchez@l-wfirm.com
admin@l-wfirm.com
cp@l-wfirm.com

*Counsel for Defendant Elijah Schaffer*

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2026, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jared J. Roberts*
Jared J. Roberts
(Fla. Bar No. 1036550)
